■ RICHARD JERSEY, Appellant, v. GLODE REQUA COAL AND LUMBER CO., INC., Respondent.— In an action by a vendee to recover damages for breach of a contract for the purchase and sale of real property and to impress a vendee's lien on the property for the amount of the deposit, in which defendant asserted a counterclaim, the plaintiff appeals: (1) from an order of the Supreme Court, Rockland County, dated January 25, 1960, which grants defendant's cross motion to the extent of directing summary judgment dismissing the complaint, and which denies plaintiff's motion to examine the defendant, by its agent and attorney Paul J. Le Vine, and to compel defendant to produce certain documents for plaintiff's discovery and inspection; (2) from an order of said court, dated January 18, 1960, which grants plaintiff's motion for reargument of said cross motion and motion, and which on reargument adheres to the original decision granting defendant's cross motion to the extent indicated and denying plaintiff's motion; and (3) from the judgment of said court, dated January 26, 1960, entered upon such orders. Appeal from order, dated January 25, 1960, dismissed. Said order is academic since it was superseded by the order granting reargument. Order, dated January 18, 1960, made upon reargument, insofar as it adheres to the original decision and grants defendant's cross motion for summary judgment and denies plaintiff's motion for an examination before trial and for a discovery and inspection, reversed, with $10 costs and disbursements; judgment vacated; defendant's cross motion for summary judgment denied; plaintiff's motion to examine before trial the defendant through its agent and attorney Paul J. Le Vine, and to compel defendant to produce certain documents for plaintiff's discovery and inspection, remitted to

the Special Term for its consideration and disposition; and defendant's cross motion, insofar as it sought to suppress the deposition of its president heretofore taken on its examination before trial by the plaintiff, also remitted to the Special Term for its consideration and disposition. The Special Term, in view of its granting of defendant's cross motion for summary judgment, treated as academic and gave no consideration to the merits of plaintiff's original motion or to the merits of defendant's cross motion insofar as it sought to suppress the deposition of its president. The same procedure was apparently followed by the parties on this appeal. Remission, to the extent indicated, is therefore required. We do not decide whether or not summary judgment may be granted to the defendant on the ground that, by reason of a prior preclusion order, dated June 15, 1959, the plaintiff will be unable to establish a prima facie case (cf. *Israel* v. *Drei Corp.*, 5 A D 2d 987). In our opinion, on this record it may not be held that plaintiff will be precluded by said prior order from introducing evidence at the trial sufficient to make a prima facie case. In any event, defendant's affidavits fail to establish a defense "sufficiently to warrant the court as a matter of law in directing judgment" in favor of the defendant (Rules Civ. Prac., rule 113). Nolan, P. J., Ughetta, Kleinfeld, Christ and Pette, JJ., concur.